UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-22995-WILLIAMS/LOUIS

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Silva Harapeti's Motion for Conditional Certification of Collective Action Under the Equal Pay Act of 1963 and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (the "Motion") (ECF No. 38). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 5). Having reviewed the Motion and pleadings and being otherwise duly advised on the matter, the Court hereby recommends that the Motion be **DENIED**.

    **I.**    **BACKGROUND**

This action was filed by Harapeti individually and on behalf of other similarly situated individuals against Defendants CBS Television Stations, Inc. ("CBS Television"), CBS Broadcasting, Inc. ("CBS Broadcasting") and CBS Corporation ("CBS Corporation") (collectively

1

"CBS")[1] for Defendants' alleged violation of the Equal Pay Act 1936, 29 U.S.C. § 206, et seq. ("EPA"); unlawful discrimination and retaliation predicated on Plaintiff's sex (gender) and age in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"); and for intentional and negligent infliction of emotional distress (ECF No. 40). While initially filed in state court, this matter was removed to the Southern District of Florida on July 21, 2020 (ECF No. 1).

Harapeti worked for CBS Television as a freelance television journalist, covering news stories across South Florida from February 2011 to March 2018 (ECF No. 40 at ¶ 16). It is averred that while working as a freelance television journalist, Plaintiff was continually assured that she would be considered for a full-time position when one became available, but she was never offered such a position (*id.* at ¶¶ 20-22). Instead, Harapeti alleges that full-time employment contracts, top news story assignments, and increased salaries were given to both males and younger female employees and that this was a systematic practice within CBS (*id.* at ¶ 23).

Plaintiff's Motion avers that she and the other news reporters and producers who worked for CBS Television were subject to a uniform policy whereby Defendant CBS Television paid their male counterparts more (ECF No. 38 at ¶ 7). Under this policy, CBS Television female employees were allegedly paid less than their male counterparts as news reporters and news producers, despite having identical job duties (*id.* at ¶ 9). Plaintiff's Motion seeks conditional certification and authorization for Plaintiff to mail and email notice of this lawsuit to similarly situated female employees who received less pay than their male counterparts while performing

---

[1] This action was originally brought against only CBS Television, but the complaint was amended on October 20, 2020, to include the other two Defendants. The Motion seeks to include in the proposed class similarly situated employees who performed services for CBS, including the CBS Broadcasting and CBS Television.

services for CBS (*id.*). Plaintiff's Motion is supported solely by her own declaration (ECF No. 38-1).

Defendant CBS Television responded to the Motion on November 13, 2020, arguing that Plaintiff has not met her burden to show that conditional certification of a nationwide collective of female news reporters and news producers working at the 29 CBS-owned-and-operated television stations is warranted (ECF No. 52). Defendant pointed to the fact that Plaintiff filed only her own, unsigned declaration and argues that the statements within the declaration are conclusory (*id.* at 2). Defendant further avers that Plaintiff failed to demonstrate there are other individuals who actually desire to opt-in to this lawsuit, as she must do to justify conditional certification, and she further failed to provide evidence that the proposed class is similarly situated and/or that a common nationwide policy exits under which female employees are paid less (*id.*).

Plaintiff filed her Reply on November 30, 2020, in which she asserts that her declaration alone is sufficient to meet her burden of showing there are other employees who desire to opt-in and who are similarly situated, for it evidences a common payroll scheme (ECF No. 59 at 6-7). Notably, the common payroll scheme Plaintiff described in the Reply is not alleged in her Complaint in this case but echoes allegations Plaintiff has made in a wholly separate case filed against CBS Television (the "Overtime Action"). Plaintiff further argues that "an analogous case involving misclassified employees with less evidence than the Plaintiff at bar" was conditionally certified on comparable allegations, but again, the instant case presents no allegations of misclassification of employees, and the argument appears to be intended for Plaintiff's other lawsuit. Despite Plaintiff's argument in the Reply, she did not cite any case in which a single declaration from the plaintiff was found sufficient to warrant conditional class certification. In tandem with filing the Reply, Plaintiff filed a Notice of Consent to Opt-In on behalf of Tiani Jones,

which states Ms. Jones was a freelance news reporter from April 2016 through July of 2017 (ECF No. 58). Plaintiff's Reply cites to the Notice of Consent as apparent support for her other motion for conditional class certification, which was then pending in the Overtime Action, and for the creation of a sub-class for those female employees who were allegedly paid less than their male counterparts.[2]

## II. DISCUSSION

### A. Legal Standard

The FLSA requires that no employer shall discriminate between employees on the basis of sex. 29 U.S.C. § 206(d)(1). In turn, Section 216(b) provides employees a right of action against their employers for violations of Section 206. 29 U.S.C. § 216(b). Section 216(b) further provides that employees affected by a defendant-employer's failure to abide by the FLSA's requirements cannot be bound by the decision of an FLSA dispute unless the employees previously consented to inclusion in the class action. 29 U.S.C. § 216(b). Thus, for a party to bring an FLSA lawsuit on behalf of themselves and others similarly situated, those others similarly situated would need to consent to being included in the action.

Section 216(b) outlines an "opt-in" class-action, which expressly requires a putative plaintiff to "affirmatively opt into [the] action . . . in order to be considered a class member and be bound by the outcome of the action." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). "Court-authorized notice in a class action context helps to prevent 'misleading communications,' and ensures that the notice is 'timely, accurate, and informative.'" *Sealy v. Keiser School, Inc.*, No. 11-61426-CIV, 2011 WL 7641238, at *4 (S.D. Fla. Nov. 8, 2011) (citing

---

[2] Plaintiff's Reply also cites to a declaration filed in Overtime Action in which Ms. Jones describes her employer's failure to pay overtime wages. However, no declaration was filed by Ms. Jones in the instant action.

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)).

The Eleventh Circuit has suggested a two-part analysis to determine whether a plaintiff is sufficiently situated to other employees in order support an opt-in class action. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Hipp*, 252 F.3d at 1219. In making a determination at the first stage, known as the notice stage, a court must decide whether, in addition to the current plaintiff, there exist additional employees (1) that are situated with sufficient similarity to require that they be notified of the pending case in order to be given the option to opt-in, and (2) who desire to opt-in to the litigation. *Morgan*, 551 F.3d at 12610. To maintain an opt-in class, a plaintiff must demonstrate that all potential opt-in plaintiffs are similar but not necessarily identical to the putative plaintiff. *See Hipp*, 252 F.3d at 1217; *Kinlock v. Flores*, No. 15-CV-21499, 2016 WL 7507875, at *2 (S.D. Fla. Jan. 6, 2016).

The standard to satisfy the similarly situated requirement for the notice stage is "fairly lenient." *Morgan*, 551 F.3d at 1261; *Hipp*, 252 F.3d at 1218. It essentially amounts to conditional certification, which can be analyzed with greater scrutiny once discovery has been undertaken. *See Morgan*, 551 F.3d at 1261 ("This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial.") (citations omitted). At this notice stage, the plaintiff must make a foundational showing that the proposed class exists; that there are additional employees who are similarly situated with respect to their job requirements and pay provisions; and that these additional employees wish to opt-in. *Kinlock*, 2016 WL 7507875, at *2 (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). Once plaintiff satisfies this standard, the action may be conditionally certified, and the putative class can then be given notice and provided an opportunity to opt-in. *Hipp*, 252 F.3d at 1217.

The second stage is "typically precipitated by a motion for 'decertification' by the

5

defendant usually filed after discovery is largely complete and the matter is ready for trial." *Id.* at 1218. Because at this second stage the court has a more extensive and detailed factual record, the standard to show substantial similarity is "less lenient, and the plaintiff bears a heavier burden." *Morgan*, 551 F.3d at 1261 (citations omitted). If the Court determines at the second stage that the original plaintiff and the opt-in plaintiffs are similarly situated, the collective action proceeds to trial on the merits. *Hipp*, 252 F.3d at 1218. If they are not similarly situated, generally the collective action becomes decertified, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiff proceeds to trial on his or her individual claims. *Id.*

### B. Whether There are Other Similarly Situated Employees Who Desire to Opt-in

Plaintiff's obligation to show the existence of other potential employees who desire to opt-in is not a burdensome one. *Bernard v. ML Auto. Grp.*, LLC, No. 17-24131-CIV, 2018 WL 6531597, at *4 (S.D. Fla. Feb. 7, 2018) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). "Nonetheless, for the court to certify a collective action and authorize notice to be sent to potential plaintiffs, a plaintiff must present more than only [ ] unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come forward to join in the suit." *Benitez v. Balans L.C.*, No. 10-22811-CIV, 2010 WL 11602404, at *2 (S.D. Fla. Dec. 6, 2010) (citations omitted). Rather, to meet this threshold, a plaintiff must make "substantial allegations of class-wide [violations through] detailed allegations supported by affidavits . . . ." *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996).

In support of her Motion, Plaintiff did not put forth a single declaration or affidavit by any employee, other than herself, who seeks to join the lawsuit. Instead, Plaintiff merely submitted her own declaration in which she expressed her belief that there are others who "would also benefit by joining this lawsuit" (ECF No. 38-1 at ¶ 7). However, "[t]he mere anticipation that others may want to join the lawsuit is insufficient by itself" and such a boilerplate statement that there are

others who "would also benefit by joining this lawsuit" does not satisfy the Eleventh Circuit's standard requiring a plaintiff to show that there are other employees who desire to opt-in. *Pina v. FedEx Freight, Inc.*, No. 17-24274-CIV, 2018 WL 1660671, at *2 (S.D. Fla. Apr. 5, 2018) (finding plaintiff's statements that other employees "were not properly paid" and "would likely benefit from this claim" insufficient); *see also Jackson v. Arbor E&T, LLC*, No. 1:14-CV-22629-UU, 2014 WL 12531539, at *3 (S.D. Fla. Dec. 15, 2014) (finding plaintiff's declaration that others "would likely benefit from this claim" insufficient to warrant granting conditional class certification).

The single Notice of Consent to Opt-In filed on behalf of Tiani Jones, without an accompanying declaration, is likewise insufficient to meet Plaintiff's burden. *See Rojas v. Uber Techs., Inc.*, No. CV 16-23670-CIV, 2017 WL 2790543, at *3 (S.D. Fla. June 27, 2017) (finding plaintiff's own declaration and one opt-in notice from another employee without an accompanying declaration to be insufficient to support the conditional granting of a nationwide class); *Rivera v. Lux Cosmetic Surgery Ctr., Corp.*, No. 1:18-CV-23635-UU, 2018 WL 6448382, at *4 (S.D. Fla. Oct. 26, 2018) (finding plaintiff's failure to attach affidavits from any other proposed plaintiffs that indicate others desire to opt-in was, alone, a sufficient basis to deny certification); *Benitez*, 2010 WL 11602404 at *2 (finding "insufficient evidence of a sufficiently large number of purported class members who wish to join the lawsuit" where plaintiff only submitted her own declaration along with the notice of consent to join and accompanying declaration of one other employee).

Conditional class certification is not an appropriate means to determine whether there are others who desire to join the lawsuit. *Zuliani v. Santa Ana, LLC*, No. 17-62080-CIV, 2018 WL 1894723, at *5 (S.D. Fla. Mar. 14, 2018), *report and recommendation adopted*, No. 17-62080-CIV, 2018 WL 3730192 (S.D. Fla. Apr. 5, 2018) (citations omitted). "Rather, a showing that others

desire to opt in is required before certification and notice will be authorized by the court. Were it otherwise, court-authorized notice would function as little more than a fishing expedition." *Id.* In *Zuliani*, the court noted that "beyond the three consents filed in this case, [plaintiff] has failed to show that additional similarly situated employees would be willing to join this litigation, despite her having had five months to make such a showing" and thus concluded that conditional certification was not warranted. *Id.* at *6. Here, in the nearly eight months since the filing of this action, only one notice of consent has been filed despite the contemplation of a nationwide class. Without more evidence demonstrating that a meaningful number of other employees desire to opt-in, Plaintiff has not met her burden.

Nor has Plaintiff shown that the other contemplated employees are similarly situated. At a minimum, Plaintiff must establish that these employees are similarly situated with regard to their "job requirements and . . . to their pay provisions." *Dybach*, 942 F.2d at 1568. To do so, Plaintiff needed to provide "detailed allegations supported by affidavits" that all plaintiffs are similar, rather than identical, to the putative class members. *Grayson*, 79 F.3d at 1097; *see also Hipp*, 252 F.3d at 1217. No such detailed allegations were provided and supported.

In her declaration, Plaintiff testifies that the women who held the positions of news producer, news reporter, and freelance television journalist were paid less than their male counterparts for performing the same work. Her testimony, however, does not define with sufficient detail the pay practices applicable to the respective positions, or the job responsibilities of each position, or even the relevant time period during which she contends these potential plaintiffs worked. *See Bernard v. ML Auto. Grp.*, LLC, No. 17-24131-CIV, 2018 WL 6531597, at *4 (S.D. Fla. Feb. 7, 2018) (noting that the factors used to determine whether the putative opt-in plaintiffs are similarly situated include whether the plaintiffs held the same job title; whether the

alleged violations occurred during the same time period; whether the plaintiffs were subjected to the same policies and practices; whether these policies and practices were established in the same manner and by the same decision-maker; and the extent to which the actions which constitute the violations claimed by plaintiffs are similar). Thus, Plaintiff has failed to meet her burden of showing that there are other similarly situated employees who desire to opt-in to the lawsuit.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Harapeti's Motion for Conditional Certification of Collective Action Under the Equal Pay Act of 1963 and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 38) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 20th day of January, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**