UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-22995-CIV-WILLIAMS

SILVA HARAPETI,

    Plaintiff,

vs.

CBS TELEVISION STATIONS, INC., *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Lauren F. Louis's Report and Recommendation ("***the Report***") (DE 73) on the Motion to Dismiss Plaintiff's Third Amended Complaint ("***Motion to Dismiss***") (DE 43) filed by Defendants CBS Television Stations, Inc., CBS Broadcasting, Inc., and CBS Corporation (collectively, "***Defendants***"). The Report recommends that the Court grant in part and deny in part Defendants' Motion to Dismiss. Specifically, the Report recommends that the Court: (1) dismiss Counts IV, V, and X with prejudice; (2) dismiss Plaintiff's collective action claim under Count III with prejudice; (3) dismiss all remaining counts without prejudice; and (4) grant Plaintiff leave to amend the Complaint, so that Plaintiff may provide a more definite statement as to which of the Defendants each of the remaining claims are being brought against. (DE 73 at 16-17.) Defendants filed a response objecting to portions of the Report. (DE 74.) Upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** that:

1. The conclusions in the Report (DE 73) are **AFFIRMED AND ADOPTED**.[1]

---

[1] The Report correctly concluded that the Court should deny Defendants' Motion to Dismiss Plaintiff's claims under Title VII of the Civil Rights Act, as amended ("***Title VII***"), and the Age Discrimination in Employment Act ("***ADEA***"). In Florida, any factual allegations that occurred more than 300 days before the filing of an Equal Employment Opportunity Commission ("***EEOC***") discrimination charge are not actionable under Title VII or the ADEA. *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (quoting 42 U.S.C. § 2000e-5(e)(1)) ("[O]nly those claims arising within 300 days prior to the filing of the EEOC's

2. Counts IV, V, and X of the Third Amended Complaint (DE 40) are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's collective action claim under Count III of the Third Amended Complaint (DE 40) is **DISMISSED WITH PREJUDICE**.

4. Counts I, II, VI, VII, VIII, IX, and XI of the Third Amended Complaint (DE 40) are **DISMISSED WITHOUT PREJUDICE**.

5. Plaintiff is **GRANTED** leave to amend the Third Amended Complaint **solely**[2] to provide a more definite statement as to which of the Defendants Counts I, II, VI, VII, VIII, IX, and XI are being brought against.

---

discrimination charge are actionable."). As the Report states, Plaintiff "alleges that she suffered from discrimination, being passed over for full-time positions[,] and having male counterparts continuously given preferential treatment and higher pay *throughout* her employment" (DE 73 at 10) (citing DE 40 at ¶¶ 22, 27, 58, 61)), which ended on March 16, 2018. (DE 40 at ¶ 82.) Since it is undisputed that the EEOC's discrimination charge was filed on January 9, 2019 (DE 40 at ¶ 11), any factual allegation that occurred *before* March 15, 2018 is not actionable under Title VII or the ADEA. While the aforementioned allegations are sufficient for Plaintiff's Title VII and ADEA claims to survive Defendants' Motion to Dismiss, "factual allegations . . . which are said to have occurred after January of 2018 [but before March 15, 2018], such as not getting assigned to cover the Parkland High School shooting in February 2018" (DE 73 at 10), are not actionable here. While the Court did not consider nonactionable factual allegations in deciding to adopt the Report's recommendation regarding Plaintiff's Title VII and ADEA claims, the Court construed such allegations as providing context for the narrative of Plaintiff's employment.

The Report also correctly concluded that the Court should deny Defendants' Motion to Dismiss Plaintiff's claims under the Florida Civil Rights Act ("***FCRA***"). Any factual allegations that occurred more than 365 days before the filing of an EEOC discrimination charge are not actionable under the FCRA. *See Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002) (quoting Fla. Stat. § 760.11(1)). Since it is undisputed that the EEOC's discrimination charge was filed on January 9, 2019 (DE 40 at ¶ 11), any factual allegation that occurred *before* January 9, 2018 is not actionable under the FCRA. As the Report states, Plaintiff alleges at least three acts that occurred on or after January 9, 2018: (1) Defendants' employment of a woman younger than Plaintiff, who was paid $33,000 more than Plaintiff; (2) Defendants' decision to pay Plaintiff less than her similarly-situated male counterparts throughout her employment; and (3) Defendants' decision not to assign Plaintiff to cover the Parkland High School shooting after Plaintiff complained to management. (DE 73 at 12.) These acts—each of which Plaintiff says occurred during the 365-day limitations period—are sufficient for Plaintiff's FCRA claims to survive Defendants' Motion to Dismiss.

[2] It should be noted that, in the Third Amended Complaint, Plaintiff does not assert a hostile work environment claim, either independently or as part of another claim under the FCRA or any other statute or regulation. Nor does the Report recognize such a claim. (*See* DE 73 at 3-4.) Plaintiff makes references to a "hostile work environment" in three separate paragraphs (*see* DE 40 at ¶¶ 25, 81-82), which is insufficient to meet the Federal Rules of Civil Procedure's requirements to plead such a claim. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, in deciding to adopt the Report's recommendation regarding Plaintiff's FCRA claims, the Court did not consider Plaintiff's references to a "hostile work environment" as a separate claim.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>31st</u> day of August, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Moreover, the Court does not give leave to Plaintiff to assert such a claim as part of the direction to provide a more definite statement.