UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-22995-KMW

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion to Extend Discovery and Dispositive Motion Deadlines (ECF No. 97). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 105). The Court held a status conference regarding pending discovery matters on November 4, 2021 and at that hearing, solicited argument from counsel relating to the pending motion. Having reviewed the Motion, Defendants' Response (ECF No. 103), the arguments raised at the status conference, and being otherwise duly advised on the matter, the undersigned hereby recommends that Plaintiff's Motion be **DENIED**.

Plaintiff filed her Complaint on July 21, 2020, alleging the Defendants violated Title VII and the Florida Civil Rights Act by discriminating against Plaintiff based on her age and sex (ECF No. 1). Plaintiff filed an amended complaint a month later and, following Defendants' filing of a Motion to Dismiss, sought leave to file a third amended complaint in October of 2020. Upon the

1

filing of the Third Amended Complaint, Defendants again moved to dismiss. While the Motion was pending, the undersigned conducted multiple status conferences on discovery issues; no significant discovery disputes were ever raised at any of these conferences.

On July 2, 2021, the undersigned entered a Report and Recommendation on Defendants' Motion to Dismiss, recommending dismissal of some claims with prejudice and others with leave to amend and provide a more definite statement (ECF No. 73). Over Plaintiff's objections, the Report was adopted on August 31, 2021 (ECF No. 78). The Court ordered Plaintiff to file her amended complaint by September 20, 2021 (ECF No. 82). After that deadline passed, Plaintiff moved for leave to file a Fourth Amended Complaint. That motion was unopposed and explained that the proposed amended complaint exceeded that for which the Court had previously granted leave in relation to the Order on the Motion to Dismiss. The Motion for Leave was granted. Plaintiff filed her Fourth Amended Complaint on October 6, 2021 (ECF No. 91), and Defendants filed their Answer and Affirmative Defenses on October 20, 2021 (ECF No. 93).

Throughout this time, discovery was ongoing pursuant to the Court's Scheduling Order, which set a deadline of August 30, 2021 for the completion of all discovery (ECF No. 26). Days before the discovery period ended, Plaintiff moved to extend the discovery period on the primary basis that she had not been able to take discovery on Defendants' affirmative defenses, as no answer had yet been filed. Additionally, Plaintiff explained that certain depositions sought were contested and motions were then pending in other districts relating to those depositions (ECF No. 75). The Court denied Plaintiff's Motion to Extend the discovery period, without prejudice to renew *if* Plaintiff felt additional discovery was necessitated by Defendants' anticipated answer; the Order denying the Motion permitted Plaintiff to schedule status conference(s) with the undersigned as needed (ECF No. 82).

Plaintiff now claims that because discovery closed on August 30, 2021, prior to Defendants' Answer and Affirmative Defenses being filed, she has been unable to conduct discovery on Defendant's Answer and Affirmative Defenses. In her Motion, Plaintiff alleges she has diligently pursued discovery and moves to extend the discovery deadlines forty-five days after the New Jersey District Court rules on Defendants' Motions to Quash and for Protective Order; whichever is later (ECF No. 97 at ¶ 11). Plaintiff states that she seeks to depose former CBS Television Stations, Inc. executive, Peter Dunn; former Assistant News Director, Nick Bourne; Defendant's 30(b)(6) corporate representatives; and Carl Larson, an individual with knowledge of Defendants' pay practices as pertaining to Plaintiff and her comparators (*id.*).

At the status conference on discovery matters, Plaintiff argued for additional time to conduct discovery because Defendants filed their affirmative defenses (ECF No. 93) on the same day they filed their Motion for Summary Judgement (ECF No. 95), adding that the Court denied Plaintiff's Motion for Extension of Time of the Discovery and Dispositive Motion Deadlines (ECF No. 75), without prejudice to renew at a later date (ECF No. 82). Plaintiff advanced the need for only one individual's deposition, Mr. Bourne, because he is third in the CBS chain of command and may possess additional knowledge or necessary facts. Defendants oppose any extension of time and contest the proffered need to depose Bourne.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, the court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Moreover, good cause requires a showing that the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 Advisory Committee's Note). Plaintiff's Motion is predicated almost entirely on the fact that Defendants' affirmative defenses were filed after the close of

discovery but fails to articulate what additional discovery she believes she needs *as a result* of those affirmative defenses.

Specifically, Plaintiff focuses on Defendants' affirmative defenses of mixed motive and managerial discretion: at a high level, both defenses aver that Defendants' contested employment decisions were the product of a non-discriminatory reason or decision, even if Plaintiff adduces evidence that discriminatory motives were part of Defendants' motives. Plaintiff's contention that she did not, and indeed could not, have taken discovery into these defenses is undermined by Defendants' proffer that the burden-shifting paradigm established by *McDonnell Douglas*[1] always centered Defendants' non-discriminatory bases for making the contested employment decisions at the heart of the case. Defense counsel proffered that all facts supporting their defenses—under *McDonnell Douglas* no less than for its affirmative defenses—have all been disclosed in discovery. Defense counsel proffered the witnesses deposed by Plaintiff herein who provided testimony about their decisions would likewise form the evidentiary foundation on which Defendants will rely for these affirmative defenses.

By contrast, Plaintiff has not articulated how the additional discovery is warranted. Instead, Plaintiff relies on the same generalized assertion, that she needs to conduct discovery into the affirmative defenses, that she advanced in the previous Motion to Extend; notably, in that Motion as here, she seeks to depose witness Nick Bourne. Her appreciation for her need to depose him cannot be credibly argued to have arisen from Defendants' later-filed affirmative defenses. Indeed, she explained at the hearing, her delay in setting the deposition resulted from Defendants' indication that he was not an employee who could be noticed pursuant to Federal Rule of Civil Procedure 30(b)(1), and thus would require service by subpoena. A dispute over Mr. Bourne's

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

status under Rule 30(b)(1) is not, and never has been, before me to decide; at this juncture, I note only that the need for his deposition was not motivated by the filing of affirmative defenses.

Thus, it is the recommendation of the undersigned that Plaintiff's Renewed Motion to Extend Discovery and Dispositive Motion Deadlines be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Court Judge for the Southern District of Florida, by no later than **Monday, November 15, 2021**. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 9th day of November, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**