UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20-CV-22995-KMW

SILVA HARAPETI,

      Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation,
CBS BROADCASTING, INC.
a Foreign Profit Corporation, and
CBS CORPORATION,
a Foreign Profit Corporation,

      Defendants.

_____/

## **PLAINTIFF'S MOTION TO CONSOLIDATE CAUSES OF ACTION FOR TRIAL**

Plaintiff, SILVA HARAPETI (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby moves to consolidate her causes of action against Defendants,[1] CBS TELEVISION STATIONS, INC., CBS BROADCASTING, INC. and CBS CORPORATION (hereinafter "Defendants"), and in support avers as follows:

1. Plaintiff has filed two separate causes of action against Defendants.

2. Common issues of fact exist between both causes of action, to wit, whether Defendant discriminated against Plaintiff based upon her age or her sex and subjected Plaintiff to disparate pay practices when compared to Defendants' male news reporters younger, female news reporters, whether these same pay practices violated the Fair Labor Standards Act and whether Defendant(s) retaliated against Plaintiff.

---

[1] The Plaintiff in this case asks the Court to consolidate the action at bar, a discrimination case, with Case No. 20-cv-20961, Plaintiff's action brought under the Fair Labor Standards Act, due to the commonality of issues with regard to Defendants' pay practices toward Plaintiff.

3.  In this cause, both Plaintiff and Defendants share a common nucleus of issues of fact to be determined by a jury.  To wit, whether Defendants' pay practices violated overtime laws and whether Defendants discriminated against Plaintiff based on her age and sex in both their pay practices and the denial of opportunity to promote or other work opportunities.

4.  Plaintiff filed separate actions against Defendants because of a putative FLSA collective action; given the present stage of the proceedings before the Court, Plaintiff submits that consolidating the two actions (discrimination and FLSA)[2] would preserve judicial resources for the Court and the parties to this action.

5.  The parties agreed that discovery for the two cases would be consolidated.  Neither party will be prejudiced by the consolidation of the two actions.

6.  Many of the witnesses for all parties will have to come from outside of the jurisdiction, placing an additional burden on the parties for trial.[3]

## MEMORANDUM OF LAW

Rule 42(a) authorizes courts to consolidate cases. Fed. R. Civ. P. 42(a). Rule 42 provides:

(a) **Consolidation**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 codifies the trial court's inherent managerial power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted).

---

[3] In compliance with Local Rule 7(1)(A)(3), undersigned counsel has conferred with opposing counsel, who oppose this motion.

2

The court's decision on consolidation is discretionary. <u>Hendrix</u>, 776 F.2d at 1495 (citation omitted). The court must determine

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Id</u>. (quoting <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)). "The court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including defenses thereto) are submitted to the jury for deliberation." <u>Id</u>. Consolidation is appropriate where there is "substantial overlap of issues, facts, evidence, and witnesses" and " 'separate trials would have resulted in wasteful litigation and duplications of judicial efforts.' " <u>Allstate Ins. Co. v. Vizcay, M.D.</u>, 826 F.3d 1326, 1333-34 (11th Cir. 2016).[4]

WHEREFORE, based upon the foregoing, Plaintiff moves to consolidate the action at bar with the lower case number.

 Dated: October 1, 2021

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com

---

[4] *Doe v. School Board of Miami-Dade County*, 2020 WL 1465739. (S.D. Fla. 2020).