UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-CV-22995-KMW

SILVA HARAPETI,

    Plaintiff,

vs.

CBS TELEVISION STATIONS INC., *a Foreign Profit Corporation*, *et al.*,

    Defendants.

_____/

## **DEFENDANTS' EXPEDITED MOTION TO CONTINUE TRIAL**

Pursuant to Federal Rule of Civil Procedure 16, Defendants CBS Television Stations Inc., CBS Broadcasting, Inc., and CBS Corporation ("Defendants" or "CBS"), by and through undersigned counsel, hereby submit this Motion to Continue ("Motion"), and move to continue the trail scheduled for the two-week period beginning January 18, 2022 (and the accompanying calendar call currently scheduled for January 11, 2022) to allow the Court sufficient time to rule on the various pending motions filed by both parties, including a motion to consolidate filed by Plaintiff Silva Harapeti ("Plaintiff") after the parties' pretrial submissions were complete, that may affect the scope of trial in this case.

1. CBS does not seek this continuance lightly, and do not do so for purposes of delay. Rather, CBS respectfully submit that a continuance is warranted under Fed. R. Civ. P. 16 due to the pendency of numerous pre-trial motions that have the potential to dramatically alter the landscape of this case and the scope of the trial to be conducted. Notably, Plaintiff Silva Harapeti ("Plaintiff") recently filed a Motion to Consolidate (DE 132) seeking to consolidate this action

with Plaintiff's separately-filed case brought under the Fair Labor Standards Act, No. 20-cv-20961, the "FLSA Case"). Plaintiff's untimely Motion to Consolidate comes years into this litigation, only three weeks before calendar call, and after the parties have submitted *all* of their pretrial filings both in this case and in the FLSA Case, including pretrial stipulations, deposition designations, witness and exhibit lists, dispositive motions, and motions *in limine*. Separate from the unresolved, eleventh-hour question of whether this case will be tried simultaneously with the distinct issues presented in Plaintiff's FLSA Case, CBS has also filed a Motion for Summary Judgment (DE 95), which CBS maintains should dispose of this case in its entirety, as well as a Motion in Limine (DE 116) that may narrow the universe of evidence to be admitted at trial. CBS respectfully submits that the requested continuance will allow the Court time to resolve Plaintiff's Motion to Consolidate well in advance of any trial in this matter—should the Court ultimately find that there exists a triable issue on Plaintiff's remaining claims, *see* Motion for Summary Judgment (DE 95)—thereby allowing the parties to prepare for trial appropriately and with clarity as to the scope of the claims and evidence to be presented.[1]

2.     On September 10, 2020, the Court issued a Scheduling Order (DE 26) setting calendar call for January 11, 2022, and trial in this matter for the Court's two-week trial calendar beginning on January 18, 2022. Since then, the parties have diligently litigated this case, complied with the Court's pretrial deadlines, and no party has requested a continuance or extension of that trial period to date.

3.     On December 17, 2021, over a year and a half into this litigation, after the close of discovery, and after the parties had submitted all pretrial filings, including their deposition

---

[1] Both this case as well as Plaintiff's FLSA Case are set for the same trial period, January 18, 2022. CBS has likewise moved for a continuance of the trial period in the FLSA Case.

designations (DE 127, 128), Joint Pretrial Stipulation (DE 129), and Joint Proposed Jury Instructions (DE 130), Plaintiff filed a Motion to Consolidate (DE 132). Plaintiff's Motion to Consolidate requests that the above-captioned matter and the FLSA Case be consolidated, arguing that common issues of fact exist between the two cases.[2] *See* (DE 132).

4. Plaintiff's request for consolidation on the eve of trial has the potential to disrupt a *status quo* that has existed both in this case and the FLSA Case since Plaintiff made the decision to litigate the two cases separately when she first commenced them. Now, Plaintiff asks for one trial in this matter, when the issues—both legal and factual—are distinct, involving different witnesses and different universes of evidence. Plaintiff's request to consolidate Plaintiff's two, separately-filed lawsuits would effectively commingle the discrete issues in the FLSA Case concerning Plaintiff's job duties (for exemption purposes) with the distinct issues regarding whether Plaintiff was discriminated against in the context of her pay. This uncertainty makes it difficult, if not impossible, for CBS to prepare for a trial in this matter over the holidays. Given Plaintiff's request for consolidation—which should be denied—it remains unclear what witnesses will be required when and on what issues. Indeed, in the event Plaintiff's Motion to Consolidate is granted, the parties would need to revisit and potentially resubmit their pretrial filings, including their Joint Pretrial Stipulations and deposition designations. Indeed, because Plaintiff's request to consolidate comes at such a late hour in this case, CBS would likely need to revisit and refile their motions in limine,[3] as well as their witness and exhibit lists.

---

[2] CBS opposes Plaintiff's Motion to Consolidate and will be filing its written response in opposition within the time period prescribed by the Rule 7.1 of the Local Rules for the Southern District of Florida (on or before December 31, 2021).

[3] CBS has filed motions in limine in both this case and the FLSA Case.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

5.  Not only does the pendency of Plaintiff's Motion for Consolidation force uncertainty regarding how trial will proceed in this matter, but also CBS's Motion for Summary Judgment (DE 95) has the potential to dispense with the need for trial in the first instance. In their Motion for Summary Judgment, CBS maintains that the undisputed record—indeed, the record is largely undisputed, *see* CBS Reply Statement of Facts (DE 118) and CBS Reply in Support of Motion for Summary Judgment (DE 119)—demonstrates that there does not exist a single triable issue of fact on Plaintiff's remaining claims for discrimination and retaliation. As noted in the Motion for Summary Judgment, Plaintiff's speculation and unsupported allegations and opinions are not competent evidence sufficient to send her claims to a jury. *See id.*; *see also* Reply in Support of Motion for Summary Judgment (DE 119). Even if granted only in part, what claims remain to be tried will dictate the need for certain witnesses, some of whom are not local and would be required to travel should the case go to trial. CBS's Motion for Summary Judgment became ripe for adjudication on November 17, 2021.[4]

6.  Moreover, in the event any of Plaintiff's claims survive summary judgment, CBS's Motion in Limine (DE 116) has identified specific categories of evidence that should be excluded as irrelevant or otherwise unduly prejudicial, confusing, and/or likely to mislead the jury. By way of example, Plaintiff has made clear that she intends to call several witnesses to testify regarding certain improper "me too" allegations, as well as allegations of racial discrimination in this case

---

[4] CBS has likewise filed a Motion for Summary Judgment in the FLSA Case, similarly arguing that there is no genuine dispute of material fact that would necessitate sending Plaintiff's claims in the FLSA Case to a jury. CBS's Motion for Summary Judgment in the FLSA Case was ripe for adjudication on October 22, 2021, and was referred to U.S. Magistrate Judge Lauren F. Louis for report and recommendation. *See* No. 20-cv-20961 at (DE 159). Even if issued immediately, the Report & Recommendation may be subject to objections, pushing a final resolution of the Motion for Summary Judgment beyond the anticipated trial date. *See generally* Local Rule 4 of the Magistrate Judge Rules for the Southern District of Florida.

involving claims of age and gender wage discrimination. *See generally* Motion in Limine (DE 116) at 4–15. Exclusion of such irrelevant and otherwise unduly prejudicial, confusing, and misleading evidence would eliminate the witnesses Plaintiff intends to call for those purposes. Resolution of the Motion in Limine should, therefore, result in the elimination of many unnecessary witnesses and would effectively streamline trial in this matter.

7. The aforementioned motions have the potential to dramatically alter the landscape of this case, the claims to be tried, and perhaps most importantly, the manner in which they are to be tried and whether they are to be tried in conjunction with the distinct and different claims raised in Plaintiff's FLSA Case.

8. In short, at this juncture, the parties lack clarity on what case is to be tried and how. Resolution of these pending motions and the issues raised therein will likely have a profound effect on how this case—and Plaintiff's FLSA Case—are to be tried and will define the scope of not only the cases and claims themselves, but also how the parties are to prepare for these cases, including, among other things, whether and what witnesses will be called in each case; securing the attendance of those witnesses; and what evidence will be admissible in each case.

9. Thus, CBS respectfully submits that delaying this matter until such time that the Court can adjudicate these issues will serve the best interests of the Court and the parties, will conserve the Court's and the parties' respective resources, and ultimately allow these two cases, to the extent they proceed to trial, to be tried in an efficient and streamlined fashion.

10. Additionally, it is worth noting that the parties have continued to discuss the possibility of settlement, but have not been able to reach an amicable resolution to date.

11. The decision to grant a motion for continuance is in the discretion of the district court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). Pursuant to

the Local Rules of the Southern District of Florida, a continuance of trial may be granted by the Court upon written notice "supported by affidavit setting forth a full showing of good cause . . . ." S.D. Fla. L. R. 7.6. In making the determination on whether to exercise discretion to grant a motion for continuance, four factors are considered:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*See Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008). Here, all factors weigh in favor of granting the continuance.

12. First, CBS has diligently litigated this case and is otherwise prepared to go to trial in this matter on January 18, 2022, subject to the Court's rulings on the pending motions.

13. Second, the need for the continuance is remedied by the continuance being granted, as it would allow the Court to adjudicate the aforementioned motions and clearly define the scope of the case and how the remaining issues, if any, are to be tried to a jury.

14. Third, CBS respectfully submits that the parties will not suffer any inconvenience or harm from the temporary delay. CBS does not submit this request in order to allow for additional discovery or any other relief that would result in additional costs or burdens on either Plaintiff or the Court. At present, all pretrial deadlines have passed and all of the parties' pretrial submissions have been filed. Rather, the parties are prepared to take this matter to trial and this continuance is only being requested in order to allow the Court to adjudicate the pending issues so as to avoid either the Court or the parties expending resources unnecessarily. To the contrary, this additional time will benefit the parties, as it will allow the Court to resolve these case-defining and

potentially case-dispositive issues. Further, CBS submits that this additional time will inure to the Court's benefit, as the requested continuance may ease the Court's burden, providing additional time for the Court to resolve the pending Motion for Consolidation, Motion for Summary Judgment, and Motion in Limine.

15. Finally, the fourth factor also weighs in favor of a continuance as CBS would be prejudiced if required to proceed with trial on January 18, 2022, without knowing what cases it will be trying and when, extent of the claims to be tried in those cases, and the evidence to be submitted. In fact, without clarity on consolidation and what claims will remain after summary judgment, CBS will have difficulty securing non-party (non-local) witness participation.

16. This Motion is not being brought for purposes of delay, but only so as to allow for the resolution of the pending issue of consolidation, as well as summary judgment and the evidentiary issues raised in the Motion in Limine, as well as the possibility of settlement.

17. In consideration of the foregoing, CBS respectfully asserts that the requisite good cause exists to grant this Motion.

18. This Motion is being sought on an "expedited" basis under Local Rule 7.1(d)(2) given that the relief CBS seeks effects whether CBS's witnesses will need to be prepared for trial over the holidays, will need to request time off from their current employers, and may need to schedule travel. Accordingly, CBS respectfully requests a ruling on this Motion as soon as practicable.

WHEREFORE, CBS respectfully requests that the Court enter an order pursuant to Federal Rule of Civil Procedure 16(b)(4) continuing trial in this matter currently scheduled for the two-week trial period beginning January 18, 2022 and the associated calendar call currently scheduled for January 11, 2022, and grant such other and further relief as the Court deems just and proper.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

Respectfully submitted this 22nd day of December, 2021.

                         BAKER & MCKENZIE LLP
*Attorneys for CBS Television Stations, Inc.*
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

By: /s/ *William V. Roppolo*
William V. Roppolo, Esq.
Florida Bar No. 182850
william.roppolo@bakermckenzie.com

Benjamin C. Davis, Esq.
Florida Bar No. 110734
benjamin.davis@bakermckenzie.com

*– and –*

Blair J. Robinson (*Pro Hac Vice*)
Paul C. Evans (*Pro Hac Vice*)
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 626-4100
Facsimile: (212) 310-1632
blair.robinson@bakermckenzie.com
paul.evans@bakermckenzie.com

## CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

I HEREBY CERTIFY that prior to filing this Motion counsel for Defendant contacted counsel for Plaintiff, via email in a good faith effort to resolve the issues raised herein. Counsel for Plaintiff has represented that he opposes the relief sought.

By: /s/ *Benjamin C. Davis*
Benjamin C. Davis, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Benjamin C. Davis*
Benjamin Davis, Esq.

## SERVICE LIST

**SILVA HARAPETI,**

v.

**CBS TELEVISION STATIONS, INC.,** *et al.***,**

**CASE NO: 20-CV-22995-KMW**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
pmh@rgpattorneys.com
Phone: (305) 416-5000
Facsimile: (305) 416-5005
*Attorneys for Plaintiff Silva Harapeti*